GASTON & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90110. Promulgated March 22, 1939.

*Percival E. Jackson, Esq.*, for the petitioner.
*E. O. Hanson, Esq.*, and *H. D. Thomas, Esq.*, for the respondent.

OPINION.

DISNEY: This proceeding involves income tax for the year 1934. The Commissioner determined a deficiency of $4,005.10.

Petitioner is a corporation, organized on December 6, 1921, under the laws of New York, and having about 220 stockholders. It is agreed to be a holding company under the definition of section 351 of the Revenue Act of 1934. Its books were kept on the accrual basis and tax returns were made on that basis, without objection by the Government. Its business was that of exporting and importing. In the early part of 1930 it ceased to function actively as a business concern, and started liquidation of its claims and accounts. During the year 1934 it was engaged, and is still engaged, in liquidating its affairs and capital, and in no other active business. During 1934 it had income arising from securities previously realized from its liquidation of its affairs. On December 1, 1934, the directors held a meeting, at which a resolution was passed to distribute the income

of 1934, also to distribute $4 per share from capital. At that date it was not possible to determine, more than approximately, the amount of the income for 1934. Resolution was passed to reduce the capital from $175,000 to $23,125, and to call a stockholders' meeting for that purpose on December 14, 1934, declaring a dividend of $1 per share to stockholders of record December 20, 1934, payable January 2, 1935, to such extent as surplus profits (estimated at $17,872.47) when finally determined would pay the same, and out of surplus to such extent as might be necessary on account of any deficiency in surplus profits, and pursuant to the reduction in capital to return to the stockholders $4 per share, payable January 2, 1935. The resolutions were expressly made effective only if, as, and when a certificate of reduction of number of shares of stock and change of statement as to capital of the corporation should be filed in the office of the Secretary of State of New York, pursuant to authority from the stockholders. Such certificate was subsequently so filed on December 15, 1934. Entries were made in petitioner's journal on December 15, 1934, as follows:

|  | Debit | Credit |
|---|---|---|
| DIVIDEND—ORDINARY STOCK | 13125 | |
| DIVIDEND ACCRUED ON ORDINARY STOCK | | 13125 |

To set up accrual for dividend on Ordinary stock, declared as per Resolution of Board of Directors on Dec. 1, 1934. Dividend payable Jan. 2, 1935 to stockholders of record Dec. 20, 1934.

The same journal entry was made as to certain "management stock" debiting and crediting "10,000."

Thereafter on January 2, 1935, actual payment of the dividend was made in accordance with the journal entry, and, pursuant to the certificate of reduction of capital stock, an income tax return was later filed on an accrual basis, claiming deduction for the dividends.

There is here no serious dispute as to fact and the question is, in simplest terms, whether a personal holding company engaged in liquidating its capital may have deduction for the year 1934, under section 351 of the Revenue Act of 1934, of the amount of dividends declared in December 1934, payable on January 2, 1935, and actually paid on that date, so far as such dividend was paid from net earnings of the year 1934, on the ground that it is on the accrual basis of accounting. Petitioner on brief specifically states that it seeks credit as a dividend paid deduction only for that part of the dividends which represented net current earnings.

The petitioner has adduced no proof as to the amount of such net current earnings, and the testimony of petitioner's secretary-treasurer was that "the distribution was made pursuant to the reduction of capital stock." Under such circumstances we can only con-

clude that the distribution was one in liquidation. Moreover, a distribution in the course of a general plan to wind up the corporate business is plainly shown by the record herein. Such a distribution is one in liquidation. *Tecla M. Straub*, 29 B. T. A. 216; *Ward M. Canaday, Inc.*, 29 B. T. A. 355. The proceeds of a distribution in liquidation would not be subject to tax as an ordinary dividend in the hands of the shareholders. To allow deduction by the petitioner corporation of such a distribution would be to allow the amount involved to escape taxation altogether, except above its base, as a return of capital to the shareholders. Section 351 patently contemplates taxation of the amount involved, either in the hands of the corporation or in those of the shareholders, as is shown by the provisions of subsection (d) excusing the corporation from tax if the shareholders return the distribution as income. In that event the amount "shall be treated as a dividend received"—which would not be true of a distribution in liquidation, except above the base thereof. We therefore conclude that the distribution by petitioner was not such as to be considered a dividend under section 351 of the Revenue Act of 1934. This renders it unnecessary to consider the further question as to effect of the accrual basis of accounting upon a dividend declared but not paid within the year.

*Decision will be entered for the respondent.*